v.

**D.J.E., Joint Petitioner-Appellant,**

v.

**P.E.E. and E.O.E.,**
**Intervenors-Movants-Respondents.**

**No. 13193.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 13, 1984.

Arthur L. Hudkins, Wood, Hudkins & Hoke, Springfield, for joint petitioner-appellant.

Kerry L. Montgomery, Montgomery, Twibell & Upp, Springfield, for intervenors-movants-respondents.

GREENE, Judge.

D.J.E. (mother) appeals the trial court's judgment granting custody of R.P.E. (son) and M.J.E. (daughter), minor children of J.L.E. (father) and D.J.E., to P.E.E. and E.O.E., the paternal grandparents of the children.

The children's mother and father were married on July 26, 1975. Their son was born January 1, 1976 and their daughter, September 7, 1977. The parties separated October 1, 1979, and their marriage was dissolved May 23, 1980. In the decree of dissolution, the mother was awarded custody of the two children, with the father and paternal grandparents being awarded reasonable visitation rights.

On October 1, 1981, the father filed a motion to modify the custody order alleging the mother was not a fit custodian and requesting that custody of the two children be transferred to his parents. The legal file contains a copy of a motion to dismiss filed by the mother contending that the father's motion was not verified as required by § 452.455.[1] The motion, which shows on its face that it was verified, by being acknowledged before a notary public, was overruled by the trial court.

In her answer, the mother denied that she was an unfit parent. The grandparents then filed a motion to intervene, claiming that their son had become disinterested in pursuing his motion to modify, and was unfit to be custodian of the children, alleged the mother was also unfit, and asked for custody of the children. The mother filed an answer to intervenors' motion in the nature of a general denial.

The trial court heard evidence, after which it entered judgment finding that the allegations contained in intervenors' motion to modify were true, and that it was in the best interest of the children that their custody be awarded to the grandparents. The court then awarded custody to the grandparents with liberal visitation rights being granted to the mother. Findings of fact and conclusions of law incorporated in the decree recite that—

1) the father is an unfit parent due to problems with drug addiction and alcohol,

2) the mother is an unfit parent because she has not provided a stable home environment with the children in that

a) she has moved at least six times in two and one-half years since the marriage was dissolved and has enrolled the little boy in four different schools,

b) that she lived with a man not her husband for six months after her marriage was dissolved,

c) that she has used drugs such as marijuana, LSD, speed, and crystal since the dissolution of marriage,

d) that her present husband has been convicted of receiving stolen property and, at the time of trial, was charged with the felonies of robbery, conspiracy to commit burglary, and receiving stolen property,

e) that she lacks mature judgment in rearing the children, and

f) she has been content to draw ADC and food stamps to feed herself, her unemployed husband and the children, without any showing of any intention to find a job.

Contrary to the assertion of the mother on appeal, all of these findings and conclusions are amply supported in the record by substantial evidence.

In addition to her insufficiency of evidence claim, contentions raised by the mother on appeal are that the trial court erred in 1) denying her motion to dismiss the father's motion to modify because the motion was not properly verified, as the record shows he did not appear before a notary to acknowledge his signature, and 2) in granting the grandparents the right to intervene.

In regard to the first allegation, the grandparents proceeded to trial on their own motion to modify, after their motion to intervene was granted. They did not rely

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

on their son's motion to sustain their cause, with the exception of incorporating its allegations of unfitness of the mother. At no time at the trial court level, or before this court, has the mother alleged any procedural defects in the grandparents' motion to modify. This being so, there is nothing for us to review on the acknowledgement issue.

■ The mother also contends that since the grandparents did not have physical custody of the children from the time of filing of the original pleadings until the time of trial, they had no right to intervene. She bases this argument on § 452.485. This statute reads:

"If the court learns from information furnished by the parties pursuant to section 452.480 or from other sources that a person not a party to the custody proceeding has physical custody of the child or claims to have custody or visitation rights with respect to the child, it may order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of his joinder as a party. If the person joined as a party is outside this state he shall be served with process or otherwise notified in accordance with section 452.460."

The mother seems to believe that this statute gives a trial court discretion to join additional parties in a custody action only if such persons have actual physical custody of the children. That is not what the statute says. The statute also grants the trial court discretion to join as a party any persons who claim to have custody or visitation rights.

Here, the grandparents not only claimed visitation rights, they had legal visitation rights granted them in the dissolution decree. In addition, § 452.375.3 permits the court to award custody of children to third parties even when the third party does not have physical custody of the child, where both parents are unfit and it is in the best interest of the child. Custody has been awarded to grandparents in a dissolution case where the grandparents were Amici Curiae-respondents. *Johnson v. Johnson,*

628 S.W.2d 709, 710 (Mo.App.1982). The mother does not cite us any case to support her contention based on the facts we have here, and we know of none. Her point has no merit.

■ The mother's final argument is that the custody award to the grandparents "was against the best interest of the children because all relevant factors considered in the decision were contra to the legislative and judicial guidelines." The point is written in gross disregard of Rule 84.04(d) as it does not say what factors the trial court considered that were contra to legislative and judicial guidelines. Even though the point was not properly preserved, we have reviewed, ex gratia, this contention of the mother and find it to be without merit. Although § 452.375 sets forth a number of factors which the trial court may consider in determining custody, fitness of a parent and ability of a parent to provide for the child are matters of utmost importance in determining such issues. *Frederick v. Frederick,* 617 S.W.2d 629, 637 (Mo.App.1981).

Here, the evidence was overwhelming that neither parent was a fit custodian for the children. The father had mental problems, was a drug addict and an alcoholic. He exhibited no interest in the children, and did not support them. The mother, pregnant at 14 years of age and married at 15, is more to be pitied than censured. Her sexual habits, lack of stability and maturity, willingness to rely on welfare for support, and choice of marriage partners, make it glaringly self-evident that she should not be entrusted with the raising of two small children.

There was substantial evidence in the record that both children used obscenities in casual conversation, and engaged in simulated sexual intercourse with each other. The little boy was preoccupied with sexual contact, and exhibited aggressive behavior toward adults and children alike. He was a problem in school and in the home. These traits had to have been acquired in the home of the mother, as she was their custodian.

Of the alternatives presented, the evidence shows that the trial court's decision to place custody of the children in the grandparents was the only rational decision that could be made on the facts before it. This does not mean that the disposition in the case was ideal. The grandparents are in their mid-fifties, and are faced with the prospect of restoring problem children to normalcy without the benefit of outside help and guidance. We also note from the record that the grandmother was more than willing to enumerate the sins of her daughter-in-law, while soft-pedaling those of her son. We further observe there are no provisions in the decree limiting visitation of the children with their father, who could be a worse influence on the children than their mother.

We are concerned by the apparent reluctance of trial judges to utilize the provisions of § 452.490.4 by providing a guardian ad litem for minor children in custody cases where, as here, the pleadings indicate a possibility exists that both parents will be declared unfit. If a guardian ad litem is appointed in such circumstances, custody in the best interest of the children would be more likely to occur, as the children, who need it most, would be represented by counsel. However, since the trial court's right to appoint a guardian ad litem is discretionary, and no abuse of that discretion by failure to so appoint is alleged or proved, we leave that issue for another day.

The judgment of the trial court is supported by substantial evidence and no error of law appears.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.