**MILDRED, Appellant,**

v.

**DARRYL, Respondent.**

**No. WD 39293.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Larry Delano Coleman, Kansas City, for appellant.

Sherrill L. Rosen, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and CLARK and COVINGTON, JJ.

LOWENSTEIN, Judge.

This case involves a declaration of paternity and custody of a male child born out of wedlock on February 8, 1982. Both Mildred, the child's mother, and the maternal grandmother, who had primarily tended the

child, filed for custody. Darryl was declared the father; this portion of the judgment was not appealed. The grandmother has not appealed, but Mildred wants the award of custody to Darryl set aside.

After dating, Mildred became pregnant, the baby was born, and as just stated, the child was taken care of by Mildred's mother. Darryl, before learning Mildred was pregnant had married and moved to Nevada. He showed little initial interest in acknowledging the child as his. After finding Mildred and Darryl to be "good people," the court's custody judgment was for Darryl based on his present home, his having later provided support and his interaction with the child after substantial visitation.

In her first point Mildred asks for a reversal because the judge: 1) did not interview the child in chambers; 2) did not order an investigation of custody arrangements; and 3) did not order the appointment of a guardian ad litem for the child.

■ With regard to the interview of the child, § 452.385, RSMo 1986 states, "the court may interview the child in chambers," but no abuse can be found here for failure to conduct an interview with the four year old. *Johnson v. Johnson*, 526 S.W.2d 33, 35 (Mo.App.1975).

■ Section 452.390's language as to an order for a home investigation is couched in similar language, *i.e.*, the court "may" make such an order. No abuse of discretion is shown by Mildred on this issue.

■ The guardian ad litem issue is not viable here. There is no showing of an abuse. *J.L.E. v. D.J.E.*, 675 S.W.2d 456 (Mo.App.1984). Section 452.490.4. There was no showing or even any mention of child abuse in this case, nor any lack of parenting skills by the father, so even if a request for guardian had been made it would have been properly denied. *Smith v. Smith*, 724 S.W.2d 541 (Mo.App.1986).

■ The appellant's other point is to the effect that she as the mother, and not having been shown to be unfit, has a superior right of custody as compared to the father. Her reliance on *In re Richardet*,

280 S.W.2d 466, 471 (Mo.App.1955) is misplaced. An express statutory provision, § 452.375.3 controls this issue and states:

3. As between the parents of a child, no preference may be given to either parent in the awarding of custody for the sole reason that the parent is the mother or the father of the child, nor because of the age or sex of the child.

The father's status was determined in this suit and is not contested on appeal. This is not a suit by a mother as an alter-ego for her parents, as was the case in *N.W. by M.G. v. B.W.*, 716 S.W.2d 278 (Mo.App. 1986). As between parents, the best interest of the child controls, and the trial court which viewed and heard the parents decided on placement with the father, which award was supported by the evidence. *Jaudes v. Jaudes*, 715 S.W.2d 329, 331 (Mo. App.1986); *David v. Cindy*, 565 S.W.2d 803, 806 (Mo.App.1978).

The judgment is affirmed.

All concur.