**Felipe GARCIA–OTERO, Respondent,**

v.

**Linda GARCIA–OTERO, Appellant.**

No. 54282.

Missouri Court of Appeals, Eastern District, Northern Division.

May 16, 1989.

Edward Rex Bradley, Louisiana, for appellant.

James Millan, Bowling Green, for respondent.

PER CURIAM.

Wife appeals the custody award of two minor children to husband pursuant to husband's petition for dissolution of marriage. We affirm.

Husband and wife were married in St. Louis in 1976. The marriage produced two children: Martin, born 1978, and Anna, born 1981. The parties lived in Colorado for three years after the marriage, then returned to St. Louis in 1979. In January of 1987, husband accepted a job in Bowling Green, Missouri, leaving wife and the children in St. Louis. The parties had been estranged for some time prior to this event. Husband filed a petition for dissolution of marriage in August 1987 in Pike County, Missouri. At this time, husband had physical custody of Martin only, but on September 25, the parties stipulated that the court

would enter an order pendente lite awarding custody to wife. This arrangement continued until the court issued its initial decree on December 28, 1987 awarding custody of both children to father.

Wife now appeals this award, claiming that it is in the best interests of the children that wife receive primary custody and that there was inadequate evidence to justify placing custody with husband. Among the most persuasive items of evidence wife cites in her favor are that: the children, one 6 and the other 9, had been raised and schooled in St. Louis; Martin expressed a preference to live with his mother; the children had two Uncles, an Aunt and three cousins, all on Mother's side of the family, as well as a close circle of mother's friends in St. Louis; there is no evidence that father had any family or close friends in Bowling Green. Wife claimed at trial that husband did not care about his daughter, showed marked favoritism for his son, had a poor record as a provider and had a bad temper. She also felt that she was the primary care provider for the children. Husband, however, presented evidence to rebut these claims and also argued that wife drank too much, neglected the cleanliness of the children and the home to an unsanitary degree, had an affair, and allowed the children to ride with her sister who was an unsafe driver. In addition, there was evidence that wife belonged to a social-religious "community" which may have created a bad influence on the children.[1]

■ Under Missouri statute, the primary goal in awarding custody is the best interests of the children as determined by considering a number of expressed factors. § 452.375.2, RSMo 1986. When reviewing a trial court's custody award, the appellate court cannot reverse unless the award is unsupported by evidence, against the weight of the evidence, or erroneously applies the law. *M.D.R. v. P.K.R.*, 716 S.W.2d 866, 868 (Mo.App.1986). The re-

viewing court is entitled to presume that, with its superior ability to evaluate witness credibility, the trial court considered all the evidence and awarded custody in the best interests of the child. *Hartig v. Hartig*, 738 S.W.2d 160, 161 (Mo.App.1987).

■ While we have difficulty determining why the trial court chose to remove the children from their home in St. Louis with its well developed support system, to Bowling Green, which lacked such a system, the record does not support reversal. The record fails to disclose serious parental flaws in either party and does indicate that each party had some areas in which they could improve their parenting skill. In other words, there was no overwhelming evidence in favor of either parent.

*Mildred v. Darryl*, 743 S.W.2d 111 (Mo. App.1988), involved a similar situation. After finding both parents to be "good people", the trial court in *Mildred* awarded custody of an out-of-wedlock child to the father. This award was made despite the fact that the father had "shown little initial interest" in the child and apparently lived in Nevada. The court noted that his recent behavior and present home environment were favorable. The appellate court affirmed the award, stating that it was supported by the evidence. *Id.* at 112.

Like the court in *Mildred,* we find sufficient evidence to support the award of custody to father. Although there is no strong evidence that wife is an unfit custodian, there is evidence that husband was able to provide a loving and stable home for the children at the time of trial. Given these facts and the deference due the trial court, we must affirm.

The judgment is affirmed.

All Judges concur.

---

1. The "community" appears to be a group of people who joined together to conduct social projects in a depressed area of the city and to "encourage one another in living Christian values." "Community" meetings were frequently followed by social gatherings which involved alcohol and often developed into loud arguments. The children of community members were sometimes present during the meetings and social gatherings even when they lasted until late into the night.