**Elizabeth Ann HARRIS b/n/f Gerald Robert HARRIS and Gerald Harris, Plaintiffs–Respondents**

v.

**Julie D. HARRIS, Defendant–Appellant.**

**No. 16773.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 30, 1991.

L.R. Magee, Hines & Magee, Kansas City, for defendant-appellant.

Robert R. Parrish, Joplin, for plaintiffs-respondents.

PARRISH, Presiding Judge.

■ This is an appeal of a custody decree entered by the Circuit Court of Jasper County that awarded custody of three-year old Elizabeth Harris [1] (Elizabeth) to her natural father, Gerald Robert Harris (respondent). Respondent brought this case seeking, as Count I, a declaratory judgment that he is the father of Elizabeth and, as Count II, a custody order awarding joint custody of Elizabeth to respondent and

---

**1.** Elizabeth was two years old at the time the hearings were held in the trial court. Her date of birth is July 14, 1987.

Elizabeth's mother, Julie D. Harris (appellant).[2] During the course of the trial, respondent changed his request with respect to joint custody and requested that he be awarded primary custody of Elizabeth. The trial court entered its decree declaring respondent to be the father of Elizabeth and granting respondent primary custody of her. This court affirms.

Respondent has also filed a "Motion to Dismiss Brief of Appellant for Failure to Comply With Rule 84.04(c)." By that motion respondent complains that appellant's brief failed to comply with the requirement of Rule 84.04(c) that the brief contain a fair and concise statement of facts. That motion was previously ordered taken with the case. It is overruled.

Respondent and appellant were previously married. Respondent testified that the marriage lasted "approximately a year and a half." This was during 1982 and 1983. Elizabeth was born about four years after the dissolution of that marriage. Both respondent and appellant testified that respondent was Elizabeth's father. They stipulated to that fact during the course of the trial. The results of a "paternity blood test" were also admitted into evidence.[3]

Elizabeth resided with her mother, appellant, prior to the trial of this case. Appellant had resided in Missouri, in the Joplin area, during the 6½ years she and respondent were acquainted up and until shortly before the trial. Respondent had been around Elizabeth "on occasion" since the date of her birth. Prior to the trial, appellant and respondent had reached an agreement for respondent to have weekly visitations with Elizabeth. After making the agreement, appellant did not allow the visits. Appellant refused to allow respondent to visit with Elizabeth by himself.

The trial commenced November 17, 1989. During the proceedings on that date, the trial court and respondent learned that appellant had moved to Texas, taking Elizabeth with her. Appellant had gone to Texas a week before the trial purportedly to visit her father. Although appellant returned for the trial, she left Elizabeth in Texas. After this became known to respondent, his attorney advised the court that, due to appellant's actions, respondent was asking for primary custody of Elizabeth. The trial court then continued the case to a later date and directed appellant to have Elizabeth present when the trial resumed.

The trial resumed January 3, 1990. At the conclusion of the evidence, the trial court declared that respondent was the natural father of Elizabeth. Custody of Elizabeth was awarded to respondent. The trial court announced its decision in open court. The judge stated a number of observations she had made during the course of the trial. She concluded by stating to appellant:

> I believe that you have such a determination to control the conditions that surrounds this child then that you have these unfounded suspicions, that that stands in the way of any hope of natural contact with the father. I think you have in the past been willful and deliber-

2. Respondent brought this action "individually" and on behalf of Elizabeth as her next friend. The trial court properly appointed a guardian ad litem, other than respondent or appellant, for the child. A guardian ad litem was necessary for the reason that the child's interests were not necessarily the same as either respondent's or appellant's. The appointment of a guardian ad litem was to assure the interests of the child were represented separate and apart from the interests of respondent and appellant. *Fort v. Chester,* 731 S.W.2d 520, 522–23 (Mo. App.1987); *J.M.L. v. C.L.,* 536 S.W.2d 944, 947 (Mo.App.1976). See also § 452.490.4, RSMo 1986. It is appropriate to further note that the trial judge commended the guardian ad litem at the conclusion of the case for his diligence and hard work. This court notes the participation of the guardian ad litem throughout the course of the trial. The presence of the guardian ad litem and his involvement in the trial of the case is reflected throughout the transcript on appeal.

3. The test results were evidenced by an exhibit that was before the trial court; however, neither that exhibit nor any other exhibits were filed with this court. Since the issue of paternity (Count I) was not appealed, it may be assumed that the exhibit supported the judgment of the trial court as to Count I and that it is immaterial to the issues on appeal. *Schucker v. Mo. Dept. of Natural Resources,* 703 S.W.2d 1, 4 (Mo.App. 1986); Rule 81.15.

ate in your interference with the frequent contact that the father would have with the child. Missouri is the home state of this child, and I wish it to remain that. I realize that you have moved to the state of Texas, but you have also indicated that you would consider coming back to the state of Missouri, and I trust that you will do that because your daughter will need to see your [sic] regularly.

However, I have given the care and custody of the minor child to the father. I've given to you the right of reasonable visitation set out in detail. That can be provided to you by counsel.

Appellant now alleges that the trial court erred in awarding custody to respondent for the reason that "the evidence does not support a change of custody and that the mother is competent to continue her custody of the minor child." She asserts that the trial court's decision with respect to the award of custody is not supported by the evidence. Appellant contends that the trial court committed error "in changing the custody of the minor child" because there was "no showing of a change of circumstances that is substantial and continuing."

Appellate review of this case is undertaken pursuant to Rule 73.01(c) in that the case was a nonjury case. As construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), that rule requires "that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. Further, "[a]n appellate court should set aside a judgment on the ground that it is against the weight of the evidence only 'with caution and with a firm belief that the decree or judgment is wrong.' " *Jun v. Murphy*, 763 S.W.2d 290, 294 (Mo.App.1988).

Appellant's points on appeal speak in terms of "a change in custody" and "a change of circumstances that is substantial and continuing." Appellant cites cases in support of those points [4] that involve motions seeking modification of prior custody orders entered in dissolution of marriage cases in accordance with § 452.410.[5] The language in those cases that refers to changes of custody and changes of circumstances is not applicable to this case for the reason that this is not an action seeking modification of a prior custody order entered in a dissolution of marriage case. This case is an original action for custody determination. The trial court had jurisdiction in this case (Count II) by reason of § 452.450.1(1) in that this action was commenced March 10, 1989, a time when, according to the testimony at trial, Missouri was Elizabeth's "home state." *See* § 452.445(4); *see also B___ v. B___*, 673 S.W.2d 819, 821–22 (Mo.App.1984).

The basis for determining child custody is the best interest and welfare of the child. *David v. Cindy*, 565 S.W.2d 803, 806 (Mo.App.1978). That basis is unaltered by the fact that the child was born out of wedlock. *See Mildred v. Darryl*, 743 S.W.2d 111, 112 (Mo.App.1988). Likewise, no preference may be given either parent for the sole reason that the parent is the mother or father of the child nor because of the child's age or sex. *Id.* citing § 452.375.3.

Considering the proper basis for determination of custody, appellant's references to "change of custody" and to "change of circumstances that is substantial and continuing" are misplaced. The trial court considered the evidence with a view toward determining what placement of Elizabeth was the better one. The trial court clearly believed that appellant had a history of denying respondent the right to have meaningful visitations with Elizabeth and of denying Elizabeth meaningful visitations with respondent, her father. The trial court had evidence before it that respondent had resided at one location for an extended time, owned his residence and

---

4. Appellant cites *In re Marriage of Cornish*, 780 S.W.2d 62 (Mo.App.1989); *In re Marriage of Turner*, 764 S.W.2d 160 (Mo.App.1989); *Wilhelmsen v. Peck*, 743 S.W.2d 88 (Mo.App.1987);

and *Friend v. Jackson*, 714 S.W.2d 953 (Mo.App. 1986).

5. References to statutes are to RSMo 1986 unless otherwise stated.

was gainfully employed. Appellant, on the other hand, had previously resided at thirteen different addresses during a 6½ year period, was not employed and had few favorable prospects for satisfactorily providing for Elizabeth's needs, even if respondent provided such financial support for Elizabeth as would be reasonably expected based upon his income. This is not unlike the situation that existed in *David v. Cindy, supra.* Borrowing from the language in that case:

> The trial court after pondering the evidence ... obviously concluded that giving major custody to [respondent], though not a perfect solution, was a placement of the child in an environment which was presently better economically and otherwise than could now be offered by [appellant].

*Id.* at 806. The trial court made extensive provisions for appellant to have visitation rights with Elizabeth, something that had not been available to respondent while Elizabeth had been with appellant.

In rendering her decision in this case, the trial judge emphasized that she had observed the witnesses and the parties; that she had the responsibility for determining the credibility of the people and the demeanor of the parties. Giving due regard to the opportunity of the trial judge to have judged the credibility of witnesses, this court is not left with a firm belief that the judgment of the trial court is wrong. *Jun v. Murphy, supra;* Rule 73.01(c)(2). The decree of the trial court in which custody of Elizabeth was awarded to respondent[6] is supported by substantial evidence and is not against the weight of the evidence. Further opinion in this case would have no precedential value. The judgment and decree of the trial court are affirmed in accordance with Rule 84.16(b).

HOGAN and SHRUM, JJ., concur.

---

**6.** Count I was an action seeking determination of a parent and child relationship between respondent and Elizabeth. *See* §§ 210.817–.852, RSMo Supp.1990. That determination was not appealed.