**Sherry Ann ALT, Appellant,**

v.

**Edward ALT, Respondent.**

**No. WD 51866.**

Missouri Court of Appeals,
Western District.

April 8, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 1997.

David P. Chamberlain, Liberty, for appellant.

Larry L. Zahnd, Maryville, for respondent.

Before LAURA DENVIR STITH, P.J.,
and ULRICH and SMART, JJ.

ULRICH, Judge.

Sherry Alt Coleman appeals the order of the trial court modifying the parties' March 1, 1993 Decree of Dissolution. The order follows rehearing by the trial court on remand from the Missouri Court of Appeals, Western District. Ms. Coleman claims the trial court erred in interpreting this court's directive on remand and in modifying the joint child custody plan to alternating two week periods.

The judgment is affirmed.

Sherry Alt and Edward Alt were divorced on January 25, 1993. The parties were awarded joint legal and physical custody of their minor child, Mikaela Leah Alt. Each party received custody of the child for one half of the week, with transfers taking place on Wednesdays. Ms. Coleman filed her motion to modify on November 9, 1993. After a hearing, the trial court modified the prior decree, granting Ms. Coleman sole physical custody of Mikaela with reasonable visitation rights to Mr. Alt. Mr. Alt appealed the judgment.

On appeal this court found that the evidence did not support a change from joint physical custody to sole physical custody.

*Alt v. Alt,* 896 S.W.2d 519, 522 (Mo.App. 1995). The case was remanded to the trial court for adjustments to the joint custody plan necessary to address the parties' particular problems.

On remand, further evidence was adduced. Both parties have relocated to Kansas City, Missouri. They remain within a two mile radius of each other and Mikaela's school. Mr. Alt is still employed in St. Joseph and has a 40–45 minute commute to work. Ms. Coleman is now employed part time as a secretary in the Kansas City area. This part time employment allows her to take Mikaela to school and to retrieve her when dismissed in the afternoon. Both parties testified that Mikaela is doing well, both academically and socially, since the last hearing and that they have been complying with the court's modification order of February, 1994.

The trial court, upon remand and in accordance with this court's decision, restored joint physical custody. The court ordered custody to Mr. Alt for two weeks, then to Ms. Coleman for two weeks, alternating custody every two weeks thereafter, with transfers of custody to occur Friday after school.

### I. The Trial Court Did Not Err in Interpreting this Court's Decision on Remand

Ms. Coleman's first point on appeal claims the trial court erred in interpreting this court's direction on remand. She asserts that the Court of Appeals specifically found that there was evidence to change the particular terms of the joint custody plan and that the court directed the trial court to consider adjustments which may be made to the specifics of the plan and permitted the court to take into account circumstances which had arisen during the pendency of the case on appeal. In so doing, she argues that the trial court was not limited to awarding joint custody.

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc.1976).

The evidence from the first hearing on the motion to modify revealed that the existing child custody plan caused inconvenience and confusion to the parties. This court in *Alt v. Alt,* 896 S.W.2d 519 (Mo.App.1995), concluded that "if the child were transferred less frequently and at a time that would involve less confusion as to school matters, the opportunities for confusion would be substantially reduced." *Id.* at 522. The court, therefore, remanded for restoration of the joint custody arrangement and for measured modification of the joint custody plan by the trial court. This court's directive also stated that no greater adjustments should be made than are reasonably necessary to resolve the identified problems. *Id.* at 523.

While the trial court has discretion to structure the modification directed by the mandate of this court, any action taken by the trial court must be in accordance with the mandate and necessary to execute the judgment of this court. *Manor v. Manor,* 706 S.W.2d 603, 605 (Mo.App.1986). The trial court followed the directives given in the appellate opinion in making its order. No substantial change in circumstance had occurred since the first modification hearing to justify a change of joint physical custody to single parent custody. The trial court found that if the transfer of custody were made on Fridays instead of in the middle of the school week, less confusion as to homework assignments and school activities would result to those persons affected. The court modified the custody arrangement, alternating custody every two weeks at the conclusion of the school week, to reduce the frequency of transferring Mikaela's physical custody between parents. The modified order provides both parents equal time with their child while addressing the problems that had arisen under the old custody plan. The changes were no greater than necessary to rectify the situation, as this court suggested. Therefore, the trial court did not abuse its discretion in restoring the joint custody arrangement with the modifications incorporated to correct the resulting confusion caused by frequent midweek transfers. Point I is denied.

## II. The Trial Court Did Not Err in Ordering Joint Physical Custody of the Parties' Child

Ms. Coleman also claims the trial court erred in modifying the joint custody plan by ordering alternating physical custody of the parties' child between the parents every two weeks. Mrs. Coleman asserts that the weight of the evidence demonstrated the current arrangement with her as primary physical custodian is in Mikaela's best interest, and the trial court did not consider the best interest of the child in ordering the alternating arrangement.

■ Although the trial court's discretion was confined by this court's opinion, the trial court is presumed to have considered all the evidence on rehearing and to have awarded custody in the best interest of the child. *Garcia–Otero v. Garcia–Otero*, 770 S.W.2d 486, 487 (Mo.App.1989). The trial court's order was not against the weight of the evidence. Point II is denied.

The judgment of the trial court is affirmed.

STITH, J. concurs.

SMART, J., dissenting opinion.

I dissent because I believe the appellant is correct in asserting that the trial court misunderstood the mandate of the court in the earlier decision.

This case illustrates the difficulty the courts are having adjusting to the notion that *joint physical custody does not require an equal amount of time with each parent.* The evidence here indicates that both of these parents are concerned, motivated parents. They have worked at getting along, although it has not been easy. After the original decree provided for joint physical custody, the child's time was split evenly between the two parents. Ms. Coleman (then Mrs. Alt) became frustrated with the arrangement, partly because of dissatisfaction with Mr. Alt, but also to a large extent, the record suggests, because of the problems presented by shuffling Michaela back and forth twice a week, with no single place to call "home." *Alt v. Alt*, 896 S.W.2d 519, 521 (Mo.App.1995) (hereafter "*Alt I*"). Ms. Coleman sought to gain sole physical custody of Michaela, with

Mr. Alt having reasonable visitation. The trial judge, recognizing there were some problems for the child in being passed back and forth so often, and not having a primary home, granted Ms. Coleman's motion to modify. He awarded sole legal and physical custody to Ms. Coleman. The trial court stated that it seemed clear to him that the child "needs to be in one place during the school year." Instead of awarding sole physical custody to the mother, the court could have retained joint physical custody and simply adjusted the plan of physical custody to allow the child to be with the mother most of the time during the school year. The court, however, abandoned the joint custody concept and chose the traditional single parent custody. Mr. Alt appealed, and this court, in an idealistic, but apparently misguided, effort to serve the objectives of the joint physical custody statute, held that it was unnecessary to revoke the joint custody status in order to address the problems Michaela was experiencing. I now see that we only complicated matters by not affirming the trial court.

This court was hopeful that, on remand, the trial court would adjust the plan of physical custody as it saw fit to allow the child to spend more time with one parent. Because circumstances may have changed somewhat since the decree was entered, and because we desired to defer to the trial court, we did not adjust the custody plan ourselves, but instead we remanded to allow the court to reassess the circumstances. Our effort turned out, it appears, to have resulted in confusion. The trial judge correctly understood that he was instructed to restore joint legal and physical custody, but he failed to understand that *he had perfect freedom to adjust the plan of joint physical custody so as to allow the child to spend the bulk of the time with one parent,* so that the child could experience more stability and would have a primary home, with fewer things getting "lost in the shuffle."

This case causes me to believe there is substantial confusion about the concept of joint physical custody. We know that joint *legal* custody does not require that a child spend equal amounts of time with each parent, because legal custody is not really about

time. However, it seems there is confusion about whether joint *physical* custody requires equal time with each parent. The trial court assumed that equal time is inherent in the concept of joint physical custody. Therefore, the court ended up, in what the court interpreted as obedience to the mandate, ordering that the child spend alternating periods of two weeks with each parent. This is not what the trial court previously believed was best for the child, and not what this court intended to force upon the trial court.

If I understand joint physical custody correctly, the concept was never intended to require that the time be allocated between parents on a 50–50 basis. Section 452.375, RSMo 1994 defines "joint physical custody" as an order awarding each of the parents significant periods of time during which a child resides with or is under the care and supervision of the parent. "Significant" is not defined. I suspect that a purpose of the law, as it related to legal and physical custody, had to do with the perception that only one parent is entitled to be the real parent. In other words, the law may have sought, as much as possible, to mitigate the effect of having to choose one parent over the other as a more acceptable custodian. Joint physical custody apparently seeks to avoid saddling either parent with the stigma of being a second class parent. It was thought, I believe, that an award of joint legal and joint physical custody would leave each parent feeling that his or her inherent worth as a parent had been recognized by the court, even if the actual plan of custody calls for the child to spend much less time with one parent than the other, as in the traditional sole custody/visitation arrangement. Whether opposing parents find any value in labels, as opposed to substance, is a good question. I know only that we sought to implement this perspective in our earlier decision in *Alt I* when we reversed the decision of the trial court. We fully intended, however, for the court to be able, to the extent it thought necessary, to adjust the plan of joint physical custody so that the child could be with one parent the great majority of the time. We also intended for the trial court to be able to award child support under § 452.340 if ap-

propriate. We attempted to make this clear when, after reversing the award of single physical custody, we said:

> However, because there was evidence that the current arrangement was causing things to "get lost in the shuffle," there was evidence of a "change of circumstances" in regard to the particular terms of the joint physical custody *plan*. Accordingly, we remand to the trial court to allow the court an opportunity to make an explicit finding as to a change of circumstances relevant to the terms of the joint physical custody *plan*, and to consider adjustments which may be in the best interest of the child in regard to the specifics of the plan.
>
> If the trial court adjusts the plan of joint physical custody in such a way that it is appropriate for the court to adjust child support, the trial court may, of course, revisit the issue of child support in accordance with such changes. Otherwise, if the child's time remains equally divided between the parents, there will be no change in child support. The court, of course, should make no greater adjustments than are reasonably necessary in its discretion to address the particular problems in question. The court may, however, take into account any circumstances which have arisen during the time this case has been on appeal.
>
> Judgment is reversed. The case is remanded to the trial court for proceedings consistent with this opinion.

*Alt v. Alt,* 896 S.W.2d at 522–23 (emphasis in original).

The trial court, however, in interpreting the opinion, apparently believed that in reinstating joint legal and physical custody there was *no choice* but to divide the time equally between the two parents. We do not believe that was the mandate of this court. We believe that the mandate called for the trial judge to maintain the formal status of joint legal and physical custody, but also to do whatever the court felt would best address the need of the child not to be transported back and forth so often, and to allow the

child to spend the majority of the time with one parent.

For the reasons stated, I would hold that the trial court did not comply with the mandate. I would affirm the grant of joint legal and joint physical custody, but remand to the trial court for the trial court to evaluate the plan of joint physical custody and to make whatever adjustments in the plan of joint physical custody the court deems are necessary in the best interests of Michaela. The trial court clearly believed in *Alt I* that Michaela's best interest would be served by allowing Michaela to spend more time with one parent. If the trial court's judgment on that has changed for some reason, the court could state its findings, and, taking into account the current circumstances, make such order as is appropriate. If the trial court is still of the opinion that Michaela should spend more time with one parent than the other, the court could adjust the plan of joint physical custody accordingly, and enter an award of child support, to the extent appropriate, pursuant to § 452.340 RSMo.1996 Supp. and Rule 88.01 of the Supreme Court Rules. If the court finds it is no longer true that "the child needs to be in one place during the school year," the court could adopt such other plan of joint physical custody as is consistent with the court's findings.

If this is too difficult to understand and implement, then, to be candid, *we should either relegate joint physical custody to the very unusual case, or else the legislature should consider abolishing the concept of joint physical custody.* The concept of "equal time" may have value in some instances, but if we think that joint physical custody requires equal time with each parent, we will be worse off than we were before. Children, in most cases, need a primary residence. The trial judge saw that in this case. In our review of *Alt I,* however, we ended up confusing things for these parties and this child. If we affirm now, we continue the confusion. In order to get the result that the trial court wanted to accomplish in the first place, I would reverse again, and remand to the trial court again, making sure that this time we

were very clear as to the wide discretion allowed in the plan of joint physical custody.