**In re MARRIAGE OF Marianne STUART and James Stuart.**

**Marianne M. STUART, Petitioner–Respondent,**

v.

**James B. STUART, Respondent–Appellant.**

**No. 58459.**

Missouri Court of Appeals, Eastern District, Division Three.

March 5, 1991.

Charles Clifford Schwartz, Jr., Schwartz & Ochs, St. Louis, for respondent-appellant.

Godfrey P. Padberg, Anthony Joseph Soukenik, and James Peter Leonard, Padberg, McSweeney, Slater & Merz, St. Louis, for petitioner-respondent.

CRANE, Judge.

Husband appeals from a decree of dissolution of marriage. He challenges the trial court's exclusion of his testimony concerning his tax liability, the valuation of the marital residence, the distribution of marital property, the admission into evidence of a summary exhibit of his expenditures, the award of sole custody of the parties' minor child to wife, the amount of the child support award, and the award of maintenance and attorney's fees. We affirm.

James Stuart [husband] and Marianne Stuart [wife] were married on June 23, 1973. The one child born of the marriage was four years old at the time of trial. Wife filed a petition for dissolution of marriage on June 14, 1988. The court entered its Findings of Fact, Conclusions of Law and Order dissolving the marriage on May 4, 1990. Wife was granted custody of the minor child, with reasonable visitation and temporary custody to husband. Husband was ordered to pay $975.00 per month as child support and $1,250.00 per month as maintenance. Wife was awarded the marital residence. Other property was divided by the court. Husband was ordered to pay $9,500 of the $19,743.06 total attorney's fees incurred by wife.

■ For his first point husband contends that the trial court erred in excluding his testimony concerning his tax liability on a $100,000 conditional payment received from his employer and in treating that payment as a marital asset. The $100,000 was paid to husband by E.F. Hutton when he agreed to become a stockbroker for that company. The payment was secured by a promissory note and subject to the conditions that husband would stay with E.F. Hutton for at least three years and E.F. Hutton would forgive one third of the amount so secured each year. The $100,000 was deposited into the parties' joint bank account. At the time of trial, two thirds of the amount of the note had been forgiven. As each one

third was forgiven it appeared as income on husband's W–2 form. However, because of a debate over how this income should be treated on his tax returns, husband had obtained extensions and had not filed his 1988 or 1989 income tax returns at the time of trial.

Husband sought to introduce evidence of his tax liability on the $100,000 at trial. He originally had identified a CPA as an expert witness on his tax liability. However, this expert failed to appear at scheduled depositions on four occasions and was thereafter stricken by the court. Husband then sought to testify that his tax liability would be $33,000 based on what his accountant told him. The trial court sustained wife's objection to this testimony.

In a court-tried case, "prejudicial or reversible error in the admission or rejection of evidence is not an issue on appeal." *City of Town & Country v. St. Louis County,* 657 S.W.2d 598, 608 (Mo. banc 1983). "The issue is whether the evidence should have been admitted and considered, or rejected and not considered, and when that issue is determined the next issue is what the judgment of the court should be, based on a consideration of the competent and admissible evidence." *Thau–Nolde, Inc. v. Krause Dental Supply & Gold Co., Inc.,* 518 S.W.2d 5, 9 (Mo.1974). Husband's testimony was properly rejected. His tax liability on the $100,000 had never been computed on a tax return signed or filed by him. Husband did not make the calculation himself. Under the circumstances, what a tax advisor told husband would be hearsay. The computation was subject to sufficient debate by experts that the filing of husband's past returns had been delayed. Husband was not an expert tax preparer and his conclusion that the liability would be $33,000 had no foundation.

Husband argues that the testimony should have been admitted because evidence of husband's tax liabilities was essential to an understanding of husband's economic circumstances at the time of dissolution. If this evidence was essential, it was husband's responsibility to put it before the court in proper fashion.

Husband also contends as part of Point I that the court erred in treating what remained of the $100,000 payment as marital assets. He states that $43,451 remained of the original $100,000 of which $33,950 was awarded to wife and $9,500 was awarded to husband. Husband cites no legal authority and does not analyze why the $43,451 should not be treated as marital property under § 452.330 RSMo (Supp.1988). We consider this aspect of his point abandoned. *Boswell v. Steel Haulers, Inc.,* 670 S.W.2d 906, 912 (Mo.App.1984). Point I is denied.

For his second point husband claims the court's valuation of the marital residence at $151,000 was against the greater weight of the evidence. The home was purchased in 1983 for $145,000. Husband estimated that they spent $60,000 on home improvements and testified to his opinion that the home was worth $300,000. Wife testified to her opinion that the value of the home was $151,000. The parties stipulated to the fact that the St. Louis County assessor assessed the property at $151,100. Property owners are competent to testify to the reasonable market value of their home, but the trial court is not bound to accept their estimate. *Hogrebe v. Hogrebe,* 727 S.W.2d 193, 197 (Mo.App.1987). "When there is contradictory testimony, deference is given to the trial judge, who is in a position to assess the credibility of the witnesses." *Id.; Youngblood v. Youngblood,* 717 S.W.2d 529, 530 (Mo.App.1986). The trial court did not abuse its discretion in finding the value of the home to be $151,000, which was supported by the wife's estimate of value and the county assessment. Point II is denied.

For his third point husband contends the trial court erred in making a grossly disproportionate award of assets to wife, who was awarded approximately 62% of the marital assets. We disagree. The division of marital property is governed by § 452.330 RSMo (Supp.1988). That statute requires a fair and equitable division of the marital property in light of the individual circumstances of each case, but does not require an equal division of property. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo.

banc 1984). The trial court is vested with considerable discretion in dividing marital property and we will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Id.*

Wife was awarded approximately $34,000 in a securities account, the family home which had a net value of $32,500 and carried a mortgage in the amount of $118,-500, a car which had no net value and an outstanding debt of $8,625, an IRA account valued at $5,265.13, and $5,000 in household goods, along with other miscellaneous items. Husband was awarded a $20,000 vehicle with no debt, $23,831 in securities, an IRA account in the amount of $4,874.52, and $15,000 in household goods, along with other miscellaneous items.

The division of the marital property made by the trial court is supported by the record. It takes into full account the economic circumstances of the parties, *Mika v. Mika,* 728 S.W.2d 280, 283 (Mo.App.1987), and the desirability of awarding the family home to an unemployed wife who has custody of a minor child. *Mueller v. Mueller,* 782 S.W.2d 445, 447 (Mo.App.1990); *Pursifull v. Pursifull,* 781 S.W.2d 262, 264 (Mo.App.1989). The home carried a substantial debt. The fact that it is a non-income producing asset is also important. *Mueller, supra,* 782 S.W.2d at 447. The trial court found husband's annual earnings to be $97,000 and he continued to be employed as a stockbroker. Wife was unemployed. Husband's net monthly income amounted to substantially more than his maintenance and child support obligations. The court found husband had engaged in marital misconduct. Considering all of these factors, we find that the division of the marital property was not an abuse of discretion. Point III is denied.

For his fourth point, husband claims that the trial court erred in admitting wife's Exhibit 12 into evidence. Exhibit 12 was prepared by wife's attorneys and was represented to be a summary of information derived from husband's bank account records which had been obtained by wife through pretrial discovery. Codes were as-

**313**

signed to various transactions in order to provide an overview of husband's financial situation and spending. Husband argues that this exhibit was no more than the conclusions of the preparer and not evidence.

"A trial court, sitting without a jury, is given greater latitude in the admission of evidence, as it is assumed the trial judge will not give weight to incompetent evidence." *Pike v. Pike,* 609 S.W.2d 397, 403 (Mo. banc 1980). The exhibit was received into evidence subject to explanation, cross-examination, and review by the court. The trial judge recognized the limitations of the exhibit. The judge said he wanted to review the checks which were referred to in the exhibit and stated, "I'll make my own determination whether or not the code 2200 is properly assigned to those particular checks." The admission of Exhibit 12 into evidence was not prejudicial error. Point IV is denied.

For his fifth point husband argues that the trial court erred in not granting joint custody to both parents of the parties' minor child and in awarding wife an excessive amount of child support. Wife was awarded primary physical custody of the child and husband was awarded reasonable visitation and temporary custody as well as access to all medical, dental and school records.

■ Section 452.375 RSMo (Supp.1988) governs awards of custody and requires the trial court to consider all existing options and award the custody arrangement which is in the best interest of the child. There is no presumption in favor of joint custody; it is only an option. *Wilk v. Wilk,* 781 S.W.2d 217, 221 (Mo.App.1989). The reviewing court is entitled to presume the dissolution court considered all the evidence and awarded custody in the best interest of the child. *Garcia–Otero v. Garcia–Otero,* 770 S.W.2d 486, 487 (Mo. App.1989).

■ Husband testified that he wanted joint custody so that he would have decision-making capabilities concerning the child's upbringing, but that the child should live with wife. He testified that the arrangement between the parties during the dissolution proceedings in which the child lived with wife but visited husband frequently worked out well. The court found that the best interest of the child would be served by awarding primary custody to wife, and ordered that wife exercise "sole legal, care, custody and control of the minor child." The trial court did not err in awarding sole custody to wife.

■ Husband also contends that the $975.00 per month award of child support for a preschool child is excessive on its face. Section 452.340(7) RSMo (Supp.1989) mandates the use of the child support guidelines in determining child support amounts. The trial court specifically stated that it had followed the child support guidelines in arriving at the support amount. § 452.340.8 RSMo (Supp.1989) and Rule 88.01 create a rebuttable presumption that the amount of child support calculated pursuant to those guidelines is the amount of support to be awarded. Husband has not directed us to any evidence or legal argument to support his bare assertion that the amount awarded is "excessive on its face and should be reduced." He has not overcome the presumption that the amount awarded is correct. Point V is denied.

■ For his sixth point husband asserts that the trial court erred in awarding maintenance to wife because she is employable and remains unemployed as a matter of choice. An award of maintenance is appropriate when the spouse lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and that party is unable to support herself through appropriate employment or has custody of a child whose condition or circumstances make it inappropriate to require the spouse to seek employment outside the home. § 452.335(1)(2) RSMo (Supp.1988). The marital property awarded wife was insufficient to meet her needs. Even after imputing $19,000 income to her, the court found that she was without adequate means to support herself

**314**

and that husband had adequate means to both support himself and provide for wife.

Additionally, wife was awarded sole custody of a four year old child. She testified that the parties had decided it was in the best interest of that child to be home with wife and not to be in full time day care. It was economically feasible for her to continue this arrangement after dissolution. Under these circumstances the trial court acted within its discretion in not requiring her to seek work outside the home. *Mastin v. Mastin*, 709 S.W.2d 545, 548 (Mo.App. 1986); *Newport v. Newport*, 759 S.W.2d 630, 634–35 (Mo.App.1988).

Alternatively, husband argues that the court should have allowed maintenance for a short period of time until wife could establish employment. "[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial conditions of the parties." *Burbes v. Burbes*, 739 S.W.2d 582, 584 (Mo.App.1987). The trial court specifically found that there was no evidence of an impending change in the financial conditions of the parties and no reasonable expectation of any change in the foreseeable future which would allow wife to become self-supporting. The award of maintenance was within the discretion of the trial court. Point VI is denied.

For his seventh point, husband claims the court erred in awarding attorney's fees to wife's counsel because wife was awarded the greater portion of the marital assets and had the ability to obtain employment. The award of attorney's fees is within the sound discretion of the trial court and will not be overturned absent a manifest abuse of discretion. *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App.1987).

Of the $19,743.06 total attorney's fees incurred by wife, husband was ordered to pay $9,500.00. Husband's greater ability to pay attorney's fees was sufficient to support the award. *Ederle, supra*, 741 S.W.2d at 885. Although wife was granted the greater portion of the marital assets, her only income was her monthly maintenance. It is within the discretion of the trial court to award attor-

ney's fees even if the spouse was awarded sufficient assets to cover the payment of the attorney's fees. *Probstein v. Probstein*, 767 S.W.2d 71, 74 (Mo.App.1989). Husband contends that wife engaged in excessive litigation to harass him. Wife did file numerous motions, including motions for contempt, almost all of which were granted. This contention has no merit. The award of attorney's fees was reasonable and did not constitute an abuse of discretion. *Moody v. Moody*, 725 S.W.2d 625, 627 (Mo.App.1987). Point VII is denied.

The decision of the trial court is affirmed.

SATZ, P.J., and STEPHAN, J., concur.