In re the Marriage of:

**Rita Jayne CHAPMAN,**
**Petitioner/Respondent,**

v.

**Gregory Paul CHAPMAN,**
**Respondent/Appellant.**

No. 62634.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 1, 1994.

Joseph Howlett, Shaw, Howlett & Knappenberger, Clayton, for respondent-appellant.

Joseph R. Aubuchon, Daniel E. Leslie, Dempsey, Williamson & Piontek, Union, for petitioner-respondent.

CRANE, Presiding Judge.

Husband appeals from a decree of dissolution of marriage. He challenges the trial court's award of sole custody of the parties' minor child to wife, the trial court's failure to appoint a guardian ad litem, and the trial court's award of maintenance to wife. We reverse the maintenance award and affirm the remainder of the judgment.

Gregory Paul Chapman (husband) and Rita Jayne Chapman (wife) were married on September 27, 1975. One child, a daughter, was born of the marriage. She was six years old at the time of trial. Wife filed a petition for dissolution of marriage on June 21, 1991. After a trial the court entered a decree of dissolution. The trial court granted wife sole legal and physical custody of the minor child and granted husband reasonable visitation and temporary custody. The court ordered husband to pay $608.45 per month as child support and $450.00 per month as modifiable maintenance. The court divided the marital property and awarded wife the marital home and surrounding real estate valued at $55,-000. The court ordered wife to pay husband $20,000 within 180 days for his interest in the real estate.

The decree of dissolution must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *In re Marriage of Clark*, 801 S.W.2d 496, 498 (Mo.App.1990). We accept as true the evidence and inferences therefrom that are favorable to the trial court's decree and we disregard all contrary evidence. *Stein v. Stein*, 789 S.W.2d 87, 92 (Mo.App.1990).

Husband first contends that the trial court abused its discretion in finding it was in the child's best interest to be in wife's custody. He argues that there was uncontroverted evidence that wife failed to properly care for the child. He argues that the child's best interests would support an award of custody to him or that the trial court should have considered joint custody.

■ Section 452.375, RSMo. Supp.1991, provides that the trial court must act in the child's best interest in awarding custody and directs the trial court to consider all relevant factors. The welfare of the child is the paramount consideration. *Babe v. Babe*, 784 S.W.2d 898, 899 (Mo.App.1990).

■ We are entitled to presume the trial court considered all the evidence and awarded custody in the best interest of the child. *In re Marriage of Stuart*, 805 S.W.2d 309, 313 (Mo.App.1991); *Garcia–Otero v. Garcia–Otero*, 770 S.W.2d 486, 487 (Mo.App. 1989). Therefore, we accord greater deference to the determination of a trial court on custody matters than in other cases. *Babe*, 784 S.W.2d at 899. Where the trial court makes no findings of fact on child custody questions, we consider all fact issues on appeal as having been found in accordance with the result reached, Rule 73.01(a)(2), and we assume that the trial court believed the testimony and evidence consistent with its decree. *In re Marriage of Dempster*, 809 S.W.2d 450, 456 (Mo.App.1991).

Although there was evidence which would support an award of custody to husband, there was also substantial evidence to support the trial court's award of custody to wife. We have reviewed the record and considered husband's specific contentions within the scope of review prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) and find no error. An extended opinion on this point would have no precedential value.

■ Husband also argues that the trial court should have awarded joint custody. The trial court must consider a joint custody arrangement before awarding sole custody to one parent. § 452.375.4. The statute requires the trial court to consider all existing options and award the custody arrangement which is in the best interest of the child. *Stuart*, 805 S.W.2d at 313. There is no presumption in favor of joint custody; it is only an option. *Id., Wilk v. Wilk*, 781 S.W.2d 217, 221 (Mo.App.1989).

The trial court found that the child's best interests required that wife have sole custody. It specifically rejected joint custody "because of the inability of the parties to reach a common agreement with regard to the rearing of the minor child." The court heard evidence concerning all the relevant factors in § 452.375.2. We must presume the trial court thoroughly studied all the evidence before deciding that an award of primary custody to wife was in the child's best interest. *Stuart*, 805 S.W.2d at 313.

We are satisfied the trial court properly considered the relevant statutory factors and did not abuse its discretion in awarding custody to wife. Point one is denied.

■ For his second point husband asserts that the trial court erred in failing to appoint a guardian ad litem pursuant to § 452.423, RSMo. Supp.1991.

Section 452.423.1 states:

> In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

Neither party alleged child abuse or neglect in their pleadings or requested appointment of a guardian ad litem at trial. Husband argues the statute mandated an appointment because there was evidence that the child did not receive the care necessary for her well-being.

The Missouri Supreme Court has rejected husband's contention. *Rombach v. Rombach*, 867 S.W.2d 500 (Mo. banc, 1993). In that case the court held "that the mandatory appointment of a guardian ad litem pursuant to § 452.423.1 is triggered only by an allegation of child abuse expressly stated in a pleading and not by the mere introduction of evidence at trial." *Id.* at 7. Point two is denied.

■ Husband last argues that the court erred and abused its discretion in awarding wife $450 per month as maintenance because there was no evidence of wife's expenses or that her earnings were not sufficient to meet her reasonable needs. We agree.

■ A trial court may order maintenance if the spouse seeking it lacks sufficient

property to provide for her reasonable needs and is unable to support herself through appropriate employment. § 452.335.1, RSMo. Supp.1991. Furthermore, the trial court has broad discretion in determining the amount and the duration of maintenance after considering all relevant factors as set out in § 452.335.2.

Under § 452.335.1 a party must prove need before maintenance can be awarded. Although maintenance awards are within the discretion of the trial court, such awards must be "made within a reasonable tolerance of proof." *Cunningham v. Cunningham*, 673 S.W.2d 478, 480 (Mo.App.1984) (quoting *Trunko v. Trunko*, 642 S.W.2d 673, 676 (Mo.App.1982)).

In this case there was substantial evidence relating to all of the relevant factors except wife's reasonable needs. At trial wife requested $600 per month maintenance but did not testify to or offer any evidence on how that figure was calculated. A mere request for maintenance is insufficient to support a maintenance award. *Cunningham*, 673 S.W.2d at 480.

Although wife's income and expense statement was filed with the court, it was not introduced into evidence and the record does not reveal that the parties stipulated to its use. The filing of an exhibit listing expenses does not put it before the court as evidence. *Ker v. Ker*, 776 S.W.2d 873, 878 (Mo.App. 1989); *Ramsdell v. Ramsdell*, 758 S.W.2d 202, 204 (Mo.App.1988); *Hopkins v. Hopkins*, 664 S.W.2d 273, 274 (Mo.App.1984).

The only evidence of wife's expenses was adduced by wife's attorney while cross-examining husband. Husband testified that the monthly utilities on the house were $240 and the annual property and city taxes totaled $800. In light of wife's gross monthly income of $953.35, these expenses standing alone do not support an award of maintenance. Accordingly, the maintenance award must be reversed.

That portion of the judgment awarding wife $450 per month maintenance is re-

versed. In all other respects the judgment of the trial court is affirmed.

KAROHL and CRAHAN, JJ., concur.