MONTGOMERY, Chief Judge.
Appellant Kenneth Eugene Buerge (Kenneth) [1] appeals from a “Judgment and Order” dissolving his marriage to Respondent Jan Michele Buerge (Jan). Kenneth claims the trial court erroneously awarded maintenance to Jan. We agree and reverse the award of maintenance.
Kenneth and Jan married December 8, 1965, and had two children. The children are emancipated. After the parties separated on October 11, 1994, Jan filed a Petition for Dissolution of Marriage on September 18, 1995.
The case was tried before the Jasper County Circuit Court on March 20, 1996. Only the parties testified. Jan’s testimony covers eighteen pages of the transcript, and Kenneth’s covers eleven pages. The record also contains each party’s “Summary of Marital and Non-Marital Property and Liabilities” (DR Form 1).
The only evidence presented on Jan’s need for maintenance follows. Jan testified she works 40 hours weekly at “Butterball” and makes $6.90 hourly. She testified Kenneth works at Coca-Cola at least 40 hours weekly and makes $10 hourly. In addition, Jan indicated her maintenance request was based “on a long-term marriage and the fact that [Kenneth’s] income is more than [hers].”
Kenneth testified he was a supervisor at Coca-Cola making $10 hourly. He emphasized Jan had a high school education, was in good health, and had been employed during their entire marriage. He stated Jan had worked as an accounts payable clerk, a shipping and receiving clerk, a factory worker, a nanny, and a waitress.
Based on this skimpy record regarding Jan’s need for maintenance, the trial court awarded her modifiable maintenance in the amount of $250 monthly. In addition, the court awarded her $600 in attorney fees and marital property totaling $35,280, which included the $25,000 marital home. Jan was ordered to pay debts in the amount of $14,-587.23.[2] The court awarded Kenneth marital property totaling $8,500 and ordered him to pay debts in the amount of $1,738. According to the trial court’s calculations, the marital property was divided 60 percent to Jan and 40 percent to Kenneth.
Kenneth’s only point relied on alleges the maintenance award was unsupported by the evidence because Jan failed to show she could not support herself through appropriate employment. He alleges there was “no evidence as to [Jan’s] needs, expenses, anticipated expenses, standard of living, or insufficiency of earnings.”
An appellate court will sustain a decree or judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. Jung v. Jung, 886 S.W.2d 737, 739-40 (Mo.App.1994). “Awards of maintenance are matters resting within the broad discretion of the trial court; we review such awards only for an abuse of that discretion.” Id. at 740.
A spouse seeking maintenance must meet two statutory threshold requirements: The spouse must (1) lack sufficient property, including marital property apportioned to *392 Mm or her, to provide for Ms or her reasonable needs; and (2) be unable to support himself or herself through appropriate employment. § 452.335.1.[3] Jan is entitled to maintenance only if she satisfies both statutory requirements. Myers v. Myers, 844 S.W.2d 105, 107-08 (Mo.App.1992). “Under § 452.335.1 a party must prove need before maintenance can be awarded.” Chapman v. Chapman, 871 S.W.2d 123, 126 (Mo.App.1994). “A mere request for maintenance is insufficient to support a maintenance award.” Id.
In Chapman, wife’s maintenance award was reversed for lack of sufficient evidence relating to her reasonable needs. At trial, she requested $600 monthly maintenance but offered no evidence on how that amount was calculated. On cross-examination, her husband testified the monthly utilities on the house amounted to $240 and the annual taxes amounted to $800. The appellate court held that these expenses do not support an award of maintenance m view of wife’s $953.35 gross monthly income. Id. at 126.
Here, like the wife in Chapman, Jan offered no income and expense statement as evidence of her reasonable needs. Compared to Chapman, the record in tMs case contains even less evidence of the reasonable needs of the spouse seeking maintenance. Jan presented no evidence that her monthly or annual expenses exceeded her income. In short, Jan offered no evidence as to her reasonable needs. Because she failed to show she was unable to support herself through appropriate employment, no substantial evidence supports the judgment. We find an abuse of the trial court’s discretion in the award of maintenance.
That portion of the “Judgment and Order” awarding Jan $250 per month maintenance is reversed. In all other respects, the judgment is affirmed.
PARRISH and SHRUM, JJ., concur.

. For convenience only, we refer to the parties by their forenames.

. For unexplained reasons, the court also or- • dered Jan to pay Kenneth $4,150, payable in equal installments of $86.16 monthly over a 5-year period at 9 percent interest.

. Statutory references are to RSMo 1994, unless otherwise indicated.