John D. GOODIN, Petitioner–
Respondent,

v.

Mary Robyn GOODIN, Respondent–
Appellant.

No. 22636.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 1999.

Dale E. Gerecke, Cape Girardeau, for appellant

Jeffrey P. Dix, Jackson, for respondent.

KENNETH W. SHRUM, Judge.

This is an appeal from a judgment and decree of dissolution. Wife appeals, challenging the trial court's maintenance award and its decision to grant Husband primary physical custody of the parties' only child. We amend the maintenance award to denominate it "non-modifiable." As amended, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

John D. Goodin (Husband) and Mary Robyn Goodin (Wife) were married September 24, 1983. One child, a son, was born of the marriage on August 14, 1987. The parties separated on September 18, 1997. Husband filed his petition for dissolution on September 25, 1997. The dissolution action was tried on June 17, 1998. Neither party requested findings of fact.

On June 29, 1998, the court entered a judgment that awarded "primary [physical] custody" of the parties' child to Husband, granted Wife "reasonable rights of visitation as set forth" therein, and provided a plan of "joint legal custody." The court's judgment further ordered Husband to pay Wife maintenance in the amount of $1,000 per month from July through December 1998 and $500 per month throughout 1999. Under the terms of the judgment, Husband's maintenance obligation would terminate on January 1, 2000.

In this appeal, Wife contests the trial court's judgment regarding maintenance and physical custody of her son. As to the maintenance award, Wife correctly claims that the trial court erred in failing to designate the award modifiable or non-modifiable. We amend the judgment to designate the maintenance award "non-modifiable." As amended, we affirm that part of the judgment concerning maintenance.

Regarding Wife's challenge of the child custody order, the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum, for their information only, setting forth the facts and reasons for this order. We affirm that part of the judgment concerning the custody of the parties' child in accordance with Rule 84.16(b).[1]

### MAINTENANCE

Wife contends, *inter alia*, that the trial court abused its discretion and committed reversible error by ordering the maintenance award to decrease after six months and to terminate after eighteen months. She argues that the reduction of the award after six months was not warranted because there was no substantial evidence that her financial condition would change appreciably during the six-month period following the award. Similarly, she contends that the termination of the award after eighteen months was not justified because there was no substantial evidence that she would be self-supporting at the end of eighteen months.

Preliminarily, we note that this court's review of a maintenance award is extremely constrained. *Hileman v. Hileman*, 909 S.W.2d 675, 679 (Mo.App.1995). A maintenance award rests within the broad discretion of the trial court. *In re Marriage of Trimble*, 978 S.W.2d 55, 57[2] (Mo.App.1998). We will reverse an award of maintenance only for an abuse of discretion. *Id.* at 57[3]. The party challenging the maintenance award has the burden of showing an abuse of discretion. *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 953[34] (Mo.App.1993).

To establish that a trial court abused its discretion in making a maintenance award, the complaining party must show that the award is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion." *In re Marriage of Vinson*, 839 S.W.2d 38, 43[5] (Mo.App. 1992). *See Rios v. Rios*, 935 S.W.2d 49, 52[9] (Mo.App.1996); *Hileman*, 909 S.W.2d at 679[3]. Our review of this record convinces us that Wife has not met that burden as to either the trial court's reduction of the maintenance amount or the court's decision to limit the duration of the maintenance award.

---

1. All rule references are to Missouri Supreme Court Rules (1999) unless otherwise indicated.

■ Under § 452.335.1,[2] "maintenance can only be awarded if the requesting party cannot meet his or her reasonable needs through property or employment." *Whitworth v. Whitworth*, 878 S.W.2d 479, 483[15] (Mo.App.1994). Consequently, the party seeking maintenance must prove need before maintenance can be awarded. *Trimble*, 978 S.W.2d at 58[5]; *Buerge v. Buerge*, 935 S.W.2d 390, 392[4] (Mo.App. 1996). "A mere request for maintenance is insufficient to support a maintenance award." *Chapman v. Chapman*, 871 S.W.2d 123, 126[16] (Mo.App.1994).

Here, the record contains no evidence regarding Wife's reasonable needs. She did not file an income and expense statement, and neither her testimony nor that of her witnesses provides a clue about her needs, reasonable or otherwise. She presented no evidence of the type or amount of her monthly bills or of estimated or anticipated future expenses or needs. While there was testimony regarding the value of the parties' marital property, there is absolutely nothing in the record regarding the value of non-marital property. Wife's *only* request for maintenance at trial came about during her testimony as follows:

"Q. [By Wife's lawyer] [You're asking for] . . . some maintenance *until you get on your feet?*

"A. [By Wife] Yes, sir."

(Emphasis added.)[3]

The record does show that Wife had neither worked nor sought employment since the parties separated. Also, Wife testified that she had no income other than what she could make by working. Wife did concede, however, that she is "physically able to work," "has a degree in animal science from Texas A & M," has done "auction work," and characterized herself as capable of working "at sales." Wife

also testified that she had, in the past, been employed at her mother's antique shop, although this had been a minimum-wage position.

In July 1997, Wife was diagnosed with "major depression, severe, single episode," a condition for which she was still being treated at the time of trial. The treatment consisted of counseling sessions and medication. According to Wife's psychiatrist, Wife was "improved . . . to the point where she has been stabilized," and she was "no longer having mood swings, nor . . . tearful outbursts." At trial, the psychiatrist opined that Wife was "in the phase of accepting the fact that the marriage is over" and had "gotten much healthier."

Regarding current employment potential, Wife's mother, Mary Hale, testified that in August 1997 she told Wife she needed "to get a job" and that she (Wife) was "welcome to come and work [at Hale's antique shop] anytime she . . . want[ed] to." Wife declined the offer of employment, saying "she was thinking about it" and would "work later . . . [w]hen she got a little stronger." Hale told Wife that "anytime she wants to . . . work, she can come work."

In its judgment, the trial court ordered Wife to pay Husband $163 per month as support for the parties' child. In making this award, the trial court imputed $1,000 per month income to Wife. Thus, the trial court implicitly found that Wife had some earning potential and was physically and emotionally able to hold gainful employment. Wife makes no claim on appeal that the trial court erred in imputing that income to her or that the findings implicit in the trial court's award were wrong.

■ As stated earlier, a trial court errs if it awards maintenance, limited or unlimited in duration, where there is no

---

**2.** All statute references are to RSMo 1994 unless otherwise indicated.

**3.** Wife's appellate counsel was not her trial counsel. Moreover, in Wife's motion for new

trial, Wife asserted she "did not urge her [trial] counsel lawyer to present all [available] evidence" because she was "at all times hopeful that [Husband] and she would reconcile."

evidence of the recipient's reasonable needs or no evidence that the recipient is unable to support himself or herself through appropriate employment or property. *See Trimble,* 978 S.W.2d at 58[4]; *Buerge,* 935 S.W.2d at 392[4]. Here, as in *Trimble* and *Buerge,* the maintenance award is not supported by sufficient evidence. In *Trimble* and *Buerge,* however, the maintenance obligors challenged the award on appeal whereas, in this case, the maintenance obligor (Husband) has not appealed. Consequently, the trial court's maintenance award is final and Husband is obligated to pay it as ordered.

■ Given the unusual circumstances, i.e., an erroneous maintenance award left unappealed, Wife has no basis for her claim of trial court error in limiting the duration of the maintenance. This follows because Wife did not prove she was entitled to an award of maintenance for any period. The trial court's award of maintenance to Wife here is necessarily grounded in speculation and is nothing more than a gratuity or windfall. In essence, Wife is arguing that the trial court committed reversible error by not awarding her a $1000–per–month windfall for an indefinite period. We disagree. Since the maintenance award to Wife was gratuitous, the limitations imposed are not "clearly against the logic of the circumstances then before the court" or "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration."

■ In reaching this conclusion, we have not ignored case law and rules that ordinarily attend when reviewing maintenance awards of limited duration. For instance, in *In re Marriage of Harris,* 908 S.W.2d 854 (Mo.App.1995), this court found that a trial court erred in setting a termination date for maintenance without

substantial evidence to support it. *Id.* at 859. In so doing, we relied on the general rule that "[l]imiting the duration of maintenance is justified only where there is substantial evidence of an impending change of the financial condition of the parties." *Id.* at 859[9]. However, *Harris* and the cases cited therein do not aid Wife for several reasons.

First, these cases are factually distinguishable as they did not involve maintenance awards entered without evidentiary support as occurred here.

■ Second, the recipient spouses in *Harris* and the cases cited therein did not request or allude to a maintenance award of limited duration as Wife did here when she testified she was requesting maintenance *"until [she] g[o]t on [her] feet."* Wife's counsel did not attempt to further clarify Wife's testimony or elicit other testimony about what objective facts supported her subjective belief that she needed maintenance only for a limited period. Case law teaches that a trial court does not abuse its discretion when it awards maintenance as requested. *Schroeder v. Schroeder,* 924 S.W.2d 22, 27 (Mo.App. 1996); *Buckner v. Buckner,* 912 S.W.2d 65, 68[2] (Mo.App.1995).[4] As a result, the trial court did not abuse its discretion by awarding Wife maintenance of limited duration here.

■ Third, by imputing to Wife an income of $1000 per month, the trial court implicitly found that she could and should appreciably better her financial prospects by working. Wife has not challenged that finding, perhaps recognizing that she is under an affirmative duty to seek adequate employment to become self-supporting. *See Hileman,* 909 S.W.2d at 679. "This duty contemplates exertion of reasonable efforts to attain self-sufficiency; the spouse receiving maintenance will not be

---

**4.** As explained in *Francka v. Francka,* 951 S.W.2d 685 (Mo.App.1997), "[a]lthough maintenance should generally not be prospectively terminated or restricted unless there is evidence of an impending change in recipient spouse's financial condition, the trial court's award of maintenance for a set duration is appropriate [when] consistent with [recipient spouse's] own testimony and request." *Id.* at 695[15], n. 6. (citations omitted).

permitted to benefit from inaction." *Id.* at 679[8]. Here, it is reasonably inferable that the trial court expected Wife to start work within six months and to be self-supporting in eighteen months. While such expectations ordinarily are too uncertain to constitute a reasonable expectation of substantial change in financial circumstances, *see Vinson,* 839 S.W.2d at 43, Wife's evidence here was that she had a standing job offer at her mother's antique store and could increase her earnings any time she wanted by an amount roughly equivalent to the maintenance award. Such evidence distinguishes this case from the many cited and relied on by Wife.

For these reasons, we find no error stemming from the trial court's prospective reduction in the amount of maintenance and limitation of the award's duration. We deny that part of Wife's point that argues otherwise.

■■■■■ Wife also charges that the trial court erred by failing to designate the maintenance order as modifiable or non-modifiable. We agree. Section 452.335.3 provides that a "maintenance order *shall* state if it is modifiable or non-modifiable." (Emphasis added.) This provision is mandatory and a trial court entering a dissolution decree must denote whether the maintenance award is subject to future modification. *Whitworth,* 878 S.W.2d at 485[19]; *Lawry v. Lawry,* 854 S.W.2d 842, 844[3] (Mo.App.1993). Reversible error results when a judgment awarding maintenance does not designate the award as either modifiable or non-modifiable. *Whitworth,* 878 S.W.2d at 485. Wife's complaint that the trial court erred by failing to make that designation here is correct.

We do not attempt to disentangle the many reported decisions that address the issue of when a maintenance award should be denominated modifiable versus when the award should be denominated non-modifiable. As noted in *Cates v. Cates,* 819 S.W.2d 731 (Mo.banc 1991), "[t]he cases [that address this issue] tend to turn on their individual factual idiosyncrasies." *Id.* at 733.

■■■■■ Ordinarily, modifiable maintenance awards are preferred. This follows because a maintenance award based on § 452.335 is founded on need; consequently, it can extend only as long as the need exists. *Id.* at 735[3]. If future events pertinent to the issue of maintenance are uncertain, which is usually the case when a maintenance award is "based on need," the maintenance award should be modifiable. *In re Marriage of Lawry,* 883 S.W.2d 84, 90[23] (Mo.App.1994).[5] If, on the other hand, payments denominated in a judgment as maintenance are ordered paid by one spouse to another and if there is evidence that the parties intended for the payments to continue past the recipient spouse's remarriage or beyond other future events that might ordinarily affect the propriety of the award, then such an award is generally non-modifiable. *See Glenn v. Snider,* 852 S.W.2d 841, 843 (Mo. banc 1993); *Cates,* 819 S.W.2d at 736–738. *See also Lamont v. Lamont,* 922 S.W.2d 81, 85 (Mo.App.1996).

■■■■■ The facts of this case are such that the usual rules do not aid us in deciding whether the award should be modifiable or non-modifiable. As explained above, there is no evidence that the maintenance award was based on Wife's reasonable needs. Nor is there *direct* evidence that the parties intended for Husband to continue making payments to Wife in the event she remarried or after the occurrence of other future events that might affect the propriety of the award. Nevertheless, the parties' con-

---

5. Remarriage by a recipient spouse is an example of an uncertain but potential future event that affects the propriety of a "based-on-need" maintenance award and serves to illustrate why such an award should be modifiable. *Lawry,* 883 S.W.2d at 90. Otherwise, a "based-on-need" maintenance award, if designated non-modifiable, may extend beyond the recipient spouse's remarriage. *Id.* at 90[22].

duct supports a finding that the award should be non-modifiable. Husband declined to appeal an award wholly unsupported by evidence that was not designated either modifiable or non-modifiable; consequently, he is in no position to complain about having to make payments after Wife's remarriage or after the occurrence of other future events that might affect the propriety of the award. Similarly, Wife is hardly in a position to complain if the award is made non-modifiable because she presented no evidence of her needs, she requested maintenance of limited duration, and she did not challenge the trial court's implicit findings that she is physically, mentally, and emotionally able to find and hold a job.

In the interest of laying litigation to rest, Rule 84.14 permits us to give such judgment as the trial court ought to have given under the circumstances. *Grunden v. Nelson,* 793 S.W.2d 569, 576 (Mo.App. 1990). For the reasons detailed above, we hereby order, adjudge, and decree that the trial court's maintenance award is non-modifiable. Rule 84.14. With this amendment, we affirm that part of the judgment that awarded Wife maintenance of $1000 per month from July 1998 through and including December 1998 and $500 per month for each month in the calendar year 1999 and that terminated Husband's maintenance obligation on January 1, 2000. In all other respects, we affirm the judgment pursuant to Rule 84.16(b).

CROW, P.J., concurs.

PARRISH, J., concurs.