In re the MARRIAGE OF Henry Lamar GIBSON and Scottie Delores Gibson.

Henry Lamar Gibson, Petitioner–Respondent,

and

Scottie Delores Gibson, Respondent–Appellant.

No. 23015.

Missouri Court of Appeals, Southern District, Division Two.

May 24, 2000.

Petition for Rehearing and Transfer Denied June 14, 2000.

Application for Transfer Denied Aug. 29, 2000.

C. William Lange & Lance P. Ferguson, Lange & Lange, Cuba, for appellant.

James A. Broshot, Mazzei & Broshot, Steelville, for respondent.

JAMES K. PREWITT, Judge.

Wife appeals from a dissolution of marriage decree. In her brief, she contends that the trial court erred in its division of marital property, failing to award her maintenance and attorney fees. Her appeal has merit.

The parties were married on June 6, 1981, and separated in November 1993. A petition for dissolution of marriage was not filed until March 17, 1997. No children were born of the marriage. The parties' marriage was dissolved on January 26, 1999, and a final Qualified Domestic Relations Order was entered on May 20, 1999. This appeal followed.

Review of this action is set forth in Rule 84.13(d). In reviewing the judgment of a court-tried case, this court views the evidence and permissible inferences drawn therefrom in a light most favorable to the judgment. The judgment will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *Creech v. Creech,* 992 S.W.2d 226, 229 (Mo.App.1999).[1]

1. Effective January 1, 2000, Rule 73.01(c) does not contain a standard of review for

An appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and a firm belief that it was wrong. *Rhodes v. Blair*, 919 S.W.2d 561, 564 (Mo.App.1996).

■ For her first point relied on, Wife claims the trial court erred by not dividing the marital property substantially equal between the parties. Wife relies on § 452.330, RSMo 1998, and *In re Marriage of Hash*, 838 S.W.2d 455 (Mo.App.1992), for the principle that the division of marital property should be substantially equal unless one or more of the statutory and non-statutory factors causes such a division to be unjust. *Hash*, 838 S.W.2d at 460.[2]

The trial court found that Husband acquired three vehicles by gift, and consequently they are his non-marital property. § 452.330.2.(1). The remaining property is marital property and was divided as follows:

| Awarded to Husband: | Value | Debt | Net Equity |
| --- | --- | --- | --- |
| Real estate in Crawford County, and 1997 Redman Manufactured Home situated at 237 Bowles Road, Steeleville, Missouri | $82,000.00 | $48,458.99 +19,992.86 | $13,548.15 |
| 27.27 acres in Crawford County adjoining 237 Bowers Road, Steeleville, Missouri | $32,500.00 | $20,135.08 +12,525.00 | $ (160.08) |
| 1975 Chevrolet Corvette | $ 8,000.00 | –0– | $ 8,000.00 |
| 1993 Chevrolet Van | $ 8,700.00 | $ 8,700.00 | –0– |
| Flat bed trailer | $ 400.00 to 500.00 | –0– | $ 400.00 to 500.00 |
| 1971 Regent mobile home | $ 1,600.00 | –0– | $ 1,600.00 |
| 1981 GMC pickup truck | $ 1,500.00 | –0– | $ 1,500.00 |
| Farm machinery | $ 5,000.00 | –0– | $ 5,000.00 |
| Awarded to Wife: | Value | Debt | Net Equity |
| 1035 Theobald Avenue, St. Louis, Missouri | $36,000.00 | $51,828.95 | ($15,828.95) |
| 7148 Lamont Drive, Flordell Hills, Missouri | $34,000.00 | $28,030.37 | $ 5,969.63 |
| 1988 Ford Tempo | $ 300.00 | –0– | $ 300.00 |
| 401(k) Plan | $ 500.00 | –0– | $ 500.00 |

This division of marital property resulted in Husband receiving a net value of the marital assets of Twenty-nine Thousand Eight Hundred Eighty-eight and $^{0}/_{100}$ Dollars ($29,888.07) to Twenty-nine Thousand Nine Hundred Eighty-eight and $^{0}/_{100}$ Dollars ($29,988.07), depending on which value is used for the flat-bed trailer. On the other hand, Wife received a net value of marital assets of negative Nine Thousand Fifty-nine and $^{32}/_{100}$ Dollars (<$9,059.32>). This unequal division is neither fair nor equitable. The trial court cited no specific factors to support such a disproportionate division of marital assets, and the record does not support this division.

■ The trial court shall divide the marital property in such proportions as the court deems just after considering all relevant factors. *Hash*, 838 S.W.2d at 459. The statute, § 452.330, requires a fair and equitable division of the marital property in light of the circumstances attending each individual case, yet it does not require an equal division of the property. *Id.* This court will interfere with such division of property only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Id.*

■ In dividing marital property, the trial court must follow the two major guiding principles inherent in § 452.330. *Id.* at 460. First, property division should reflect the concept of marriage as a shared enterprise similar to a partnership, and

appellate courts, but has been replaced with Rule 84.13(d).

2. Neither party complains of the classification of property as marital or non-marital. While the judgment does not clearly label property as marital or non-marital property, we recognize there may be instances where it is not error for a trial court to fail to expressly designate the parties' separate and marital property. *See In Re Marriage of Miller*, 806 S.W.2d 516, 517 (Mo.App.1991). However, failing to make explicit findings of marital and non-marital property is not a practice we condone.

second, property division should be utilized as a means of providing future support for an economically dependent spouse. *Id.*

To guide the court in its decision regarding disposition of marital property, § 452.330 lists five factors to consider. The factors listed are not exclusive. *In re Marriage of Baker,* 986 S.W.2d 950, 957 (Mo.App.1999). The first factor is the consideration of the economic circumstances of each spouse. § 452.330.1(1). In this case, Wife works in the laundry department of a nursing home earning Seven Dollars ($7.00) per hour, for forty-eight hours per week. Wife has a tenth-grade education, and no education or training which would allow her to improve her employment and income. Wife testified that she does not have the knowledge, ability or experience to maintain the property located on Theobold Avenue, and that Husband had been maintaining that property since their separation. Husband is an aircraft mechanic employed by Boeing, earning approximately Twenty-one Dollars ($21.00) per hour, and frequently receives a bonus. In 1997 his income was Forty–Five Thousand Three Hundred Thirty-two Dollars ($45,332.00). Although Husband has only an eleventh-grade education, he had served in both the U.S. Army National Guard and in the Navy where he was a combat engineer, and a sheet metal mechanic. The consideration of the economic circumstances of each party indicates that Husband is in a better economic situation, and therefore this factor favors Wife.

The second statutory factor is a consideration of the contribution of each spouse to the acquisition of the marital property. § 452.330.1(2). Husband and Wife both were employed during the marriage. Most, if not all, of the assets of the parties were acquired during their marriage. The contribution of each spouse in this case appears to be a fairly neutral issue, neither helping nor hurting either party.[3]

The third statutory factor is the value of nonmarital property set apart to each spouse. § 452.330.1(3). The total value of the three vehicles set aside to Husband as his nonmarital property is Five Thousand Two Hundred Dollars ($5,200.00). Wife was not awarded any assets designated as nonmarital property.

The fourth statutory factor, and the final one applicable to this case, is the conduct of the parties during the marriage. § 452.330.1(4). Neither party presented evidence on this issue, but we note from the transcript that both parties appeared respectful of each other. This factor therefore, appears to be a neutral issue between the parties.

The fifth statutory factor is only relevant where minor children are involved.

A non-statutory factor that should be considered is the respective ages of the parties. Wife is approximately six years older than Husband, and it would be reasonable to conclude that her productive working and earning years are more limited than Husband's. *See In re Marriage Strelow,* 581 S.W.2d 426, 431 (Mo.App. 1979).

Because none of the relevant factors substantiate the division of marital property to be unjust, the trial court should have divided the property in a manner that was substantially equal. *See Hash,* 838 S.W.2d at 460. Pursuant to the authority given this court in Rule 84.14, we have the duty to enter the decree the trial court should have entered. Wife does not dispute the values assigned by the trial court to the marital property. Using the lesser value of Four Hundred Dollars ($400.00) for the value of the flat bed trailer awarded to Husband, the net value of the marital property awarded him is Twenty-nine Thousand Eight Hundred Eighty-eight and 07/100 Dollars ($29,888.07). One half of that value is Fourteen Thousand Nine

---

**3.** Husband testified that he and his mother purchased the property in Crawford County in August 1993. However, he also testified

that he is making the payments on the loan, even though his mother has given him money to make the payments.

Hundred Forty-four and 04/100 Dollars ($14,-944.04). The net value of the marital property awarded Wife is the negative sum of Nine Thousand Fifty-nine and 32/100 Dollars (<$9,059.32>). One-half of the negative value is negative Four Thousand Five Hundred Twenty-nine and 66/100 Dollars (<$4,529.66>). We therefore award Wife a money judgment against Husband in the sum of Nineteen Thousand Four Hundred Seventy-three and 70/100 Dollars ($19,473.70).

 Wife's second point on appeal is that the trial court erred in denying her an award of maintenance. An award of maintenance is a matter resting in the sound discretion of the trial court, and a review of a maintenance award is limited to a determination of whether the trial court abused its discretion. *Creech*, 992 S.W.2d at 229. The purpose of maintenance is to assist a spouse who is unable to be self-supporting through appropriate employment. *Id.* at 229–230. If it is determined that the trial court abused its discretion, this court is obligated to enter the proper judgment. *Id.* at 230. A change in the amount of maintenance should be made effective as of the effective date of the judgment of the trial court. *Id.*

 In a proceeding for maintenance, the trial court must look to § 452.335.1 for guidance. The trial court must first determine if the spouse seeking maintenance lacks sufficient property, including marital property apportioned to her, to provide for her or his reasonable needs. *Buerge v. Buerge*, 935 S.W.2d 390, 391 (Mo.App. 1996). If the trial court finds the answer to this inquiry to be affirmative, then the court must determine if the spouse seeking maintenance is unable to support herself or himself through appropriate employment. *Id.* at 392. Once the party requesting maintenance has proved need, she or he is entitled to maintenance. *Id.*

In this case, Wife was not awarded sufficient property to provide for her reasonable needs. The equity in her primary residence was minimal. The rental property on Theobald Avenue had a significant negative equity, and was producing Seven Hundred Dollars ($700.00) monthly in rental payments. This amount, as Husband testified, was insufficient to pay for the maintenance and repair of the property.

Finding that Wife was not awarded sufficient property to provide for her needs, we turn to the question of whether Wife is able to support herself through appropriate employment. Wife is employed in an area where she has experience, as a laundry room worker. She has no other job skills, and minimal education that would allow her to improve her employment prospects or her income. There was no evidence that Wife's income or skills would improve in the future. Wife's statement of income and expenses filed at trial reflected a monthly net income of Five Hundred Thirty-nine and 12/100 Dollars ($539.12), and monthly expenses of One Thousand Three Hundred Seventeen and 95/100 Dollars ($1,317.95). We conclude that Wife is unable to support herself by her employment. The trial court abused its discretion in failing to award Wife spousal maintenance.

 Considering the relevant factors of § 452.335.2, we must determine the amount of maintenance to which Wife is entitled. A gross and permanent disparity between the parties' ability to work and to earn a living is a sound reason for a maintenance award. *Witt v. Witt*, 930 S.W.2d 500, 504 (Mo.App.1996). In determining the amount of spousal maintenance, the reasonable needs of the spouse seeking maintenance must be balanced against the other spouse's ability to pay. *Id.* In this case, Husband's annual income is nearly three times that of Wife's income. The Wife's needs, as portrayed by her expense statement, appear to be reasonable, and Husband has the ability to pay maintenance.

The duration of marriage is also a factor to consider in awarding spousal mainte-

nance. § 452.335.2(6). At the time of trial, the parties had been married for seventeen years. Finally, Husband has the ability to meet his needs while meeting those of Wife. § 452.335.2(8).

We conclude that Wife is not able to meet her reasonable needs and that the trial court erred in determining otherwise. She is entitled to maintenance. We therefore award Wife spousal maintenance in the sum of Two Hundred Dollars ($200.00) per month, effective as of the date the trial court entered its final judgment, May 20, 1999.

Wife's final point on appeal alleges the trial court erred in awarding Husband attorney fees when he did not request it, and failing to award her attorney fees. The trial court may award attorney fees in dissolution cases by authority of § 452.355. An award cannot be given, however, which is outside the scope of the pleadings. In this case, Husband, the Petitioner, did not request attorney fees, nor did he request leave to amend his pleadings. The court is without power to decide questions not raised by pleading, unless there is a request to amend, or the court *sua sponte* grants an amendment at trial. *See Hembree–Shanaberger v. Shanaberger*, 903 S.W.2d 202, 205 (Mo.App.1995). Accordingly, the trial court's award of attorney fees to Husband was in error and is reversed.

The party challenging an award of attorney fees must demonstrate that the award was clearly against the logic of the circumstances and so arbitrary or unreasonable as to shock one's sense of justice. *In re Marriage of Chorum*, 959 S.W.2d 900, 907 (Mo.App.1997). Because of the disparity of income and job skills, and the future earning capacity of both parties, and because Wife is burdened with financial responsibility of maintaining the Theobald Avenue rental property, not to award her attorney fees was in error. The case is remanded to the circuit court with directions for it to enter an award of attorney fees in favor of Wife against Husband in an amount to be determined by the trial court.

The portion of the judgment dissolving the marriage, awarding the property to the parties, disposing of the pension benefits, and the approval of the Qualified Domestic Relations Order and the 401(k) plan is affirmed. The remainder of the judgment is reversed and the cause remanded for further proceeding consistent with this opinion.

MONTGOMERY, P.J., and BARNEY, J., concur.