Randy Dean **SCHLOTMAN**, Appellant,

v.

Angela Elizabeth **SCHLOTMAN**, Respondent.

No. WD 61830.

Missouri Court of Appeals, Western District.

Jan. 30, 2004.

Elvin S. Douglas, Jr., Harrisonville, MO, for appellant.

Karl Heinz Timmerman, Holden, MO, for respondent.

Before BRECKENRIDGE, P.J., EDWIN H. SMITH and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Judge.

Randy D. Schlotman (Husband) appeals the judgment of the trial court dissolving his marriage to Angela Elizabeth Schlotman (Wife). On appeal, Husband claims that the trial court erred in awarding maintenance to Wife because Wife did not include a request for maintenance in her pleading and there was insufficient evidence to support the award. Husband also claims that the trial court's unequal division of marital property and debts constituted an abuse of discretion because it was not supported by the evidence. This court finds that the evidence was insufficient to support the trial court's maintenance award to Wife, so that portion of the judgment is reversed. The trial court's division of the marital property and debts was supported by sufficient evidence and accordingly, that portion of the judgment is affirmed.

### Factual and Procedural History

The parties were married on June 29, 1991, and separated in May 2001. During the marriage, Husband was employed as a computer network engineer, earning an annual salary of approximately $77,000. Wife had stayed at home to raise the parties' two minor children during nine of the ten years the parties were married. Approximately one year before trial, Wife obtained employment at Wal–Mart. At the time of the trial, Wife was working thirty to thirty-two hours a week at Wal–Mart, earning $6.00 or $6.50 an hour. Wife also sold items at a local trade fair and on eBay, earning fifty to one hundred dollars a month. Wife's total monthly income from all of these sources was $1000.

The parties' principal asset was the family home, worth approximately $100,000 and encumbered by indebtedness of $70,200. The parties also owned two vehicles, a 1997 Ford Taurus and a 1996 GMC pick-up truck. Each vehicle was encumbered by indebtedness in an amount that was at least equal to its value. Husband had an IRA account and a SAR/SEP retirement account with balances of $5298 and $6790, respectively. The parties owned household goods valued at approximately $7270.

The parties incurred substantial debt during their marriage. In addition to the home loan and vehicle loans, the parties had a Citibank credit card that had a balance of $9257, a Discover Card with a balance of $4388, a First Card with a balance of $3117, and small balances on a Jones Store card, a Fingerhut card, and a Bank Card. Husband also had a student loan with a $26,000 balance, one-half of which he incurred before the marriage. Additionally, Husband had $1042 in medical bills, while Wife had $178 in medical bills.

On April 25, 2002, the trial court entered its judgment dissolving the marriage. With regard to the parties' children, the court ordered joint legal custody, adopted Wife's parenting plan, and ordered Husband to pay child support in the amount of $1008 per month. The court also ordered Husband to pay Wife non-modifiable maintenance in the amount of $500 per month. Regarding the parties' property, the court ordered the parties to sell the residence and divide the proceeds equally. The court ordered that twenty to thirty boxes of garage-sale-type items stored in the basement be sold and the proceeds divided equally or placed in an account for the children. The court awarded the Ford Taurus to Wife and the GMC pick-up truck to Husband. The court awarded the IRA to Husband and divided the SAR/SEP equally. Wife received approximately $5480 in household goods, while Husband received $1790 in household goods.

As for the division of the parties' debt, the court ordered Husband to pay one-half of the monthly mortgage payments on the marital residence until it is sold; the debt on the pick-up truck; his student loan debt; his medical bills; and half of the balances on the Citibank card, the Discover card, and the First Card. The court ordered Wife to pay the other half of the monthly mortgage payments on the marital residence until it is sold; the debt on the Taurus; the other half of the balances on the Citibank card, the Discover card, and the First Card; the entire balances on the Fingerhut card, the Jones Store card, and the Bank Card; and her medical bills. Husband filed a motion to amend the judgment, which was denied. This appeal followed.

### Standard of Review

The rules enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), gov-

ern review of this case. This court will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. "The burden of demonstrating error is on the party challenging the divorce decree." *Wright v. Wright,* 1 S.W.3d 52, 57 (Mo.App.1999); *Crews v. Crews,* 949 S.W.2d 659, 663 (Mo.App.1997).

### Evidence Insufficient to Support Maintenance Award

█ Husband's first two points challenge the award of $500 monthly maintenance to Wife. In his first point, Husband claims that the award was improper because Wife did not include a request for maintenance in her pleading, nor was the issue of maintenance tried by consent. In his second point, Husband claims that the maintenance award was not supported by sufficient evidence. Because the second point is dispositive, this court need only address whether the maintenance award was supported by sufficient evidence.

█ The trial court can award maintenance only if it finds that the party seeking maintenance "(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) Is unable to support himself through appropriate employment." Section 452.335.1, RSMo 2000.[1] The party requesting maintenance must demonstrate need before the trial court can award maintenance. *Childers v. Childers,* 26 S.W.3d 851, 854 (Mo.App.2000). "A mere request for maintenance is insufficient to support a maintenance award." *Chapman v. Chapman,* 871 S.W.2d 123, 126 (Mo.App. 1994). Indeed, the court in *Chapman* reversed the maintenance award after finding that the wife requested $600 per

month maintenance, "but did not testify to or offer any evidence on how that figure was calculated." *Id.* The court noted that the wife failed to offer her income and expense statement into evidence. *Id.* The only evidence of the wife's expenses was elicited from the husband, who testified to two expenses which were far less than the wife's gross monthly income. *Id.*

Relying on *Chapman,* the court in *Buerge v. Buerge,* 935 S.W.2d 390, 392 (Mo.App.1996), similarly concluded that there was insufficient evidence of the wife's reasonable needs to support the maintenance award. In *Buerge,* the wife did not offer her income and expense statement, nor any other evidence that her monthly or yearly expenses exceeded her income. *Id.* Because the wife "failed to show she was unable to support herself through appropriate employment," the court found that "no substantial evidence supports the judgment." *Id.*

In this case, as in *Chapman* and *Buerge,* Wife introduced little to no evidence of her monthly expenses. While both parties presented evidence concerning their assets, debts, and income, the only evidence adduced that bore on the issue of Wife's monthly expenses was the amount of monthly payments on the marital debts set aside to her. The only monthly payments for which specific amounts were mentioned, however, were Wife's half of the monthly house payment, which was $294, until the house was sold; and a total monthly payment of $65 on credit card debts for the Jones Store, Fingerhut, and First Card. Like the court in *Chapman,* this court finds that, in light of Wife's gross monthly income of $1000, "these expenses standing alone do not support an award of maintenance." 871 S.W.2d at

1. All statutory references are to the Revised Statutes of Missouri 2000.

126.[2]

The only other evidence before the court was Wife's testimony that maintenance in the amount of $500 per month would help her provide the kind of home she would like to provide for her children. This testimony, without any supporting evidence to show how Wife arrived at the $500 amount, is insufficient. *Id.* By failing to present sufficient evidence of her reasonable needs, Wife failed to demonstrate that her needs could not be met through the property awarded to her or through her employment. Thus, Wife did not satisfy the requirements of section 452.335.1. The $500 per month maintenance award is reversed. Husband's second point is granted.

### Sufficient Evidence to Support Division of Marital Property and Debts

 In his third point, Husband claims that the trial court erred in dividing the marital property and debts. Section 452.330.1 provides that the marital property and debts shall be divided "in such proportions as the court deems just" after considering all relevant factors, including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

This division need not be equal, but must be fair and equitable under the circumstances of the case. *Hatchette v. Hatchette*, 57 S.W.3d 884 (Mo.App.2001); *Nelson v. Nelson*, 25 S.W.3d 511, 517 (Mo. App.2000). This court will reverse the trial court's division of property only "if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Barnes v. Barnes*, 903 S.W.2d 211, 213 (Mo.App. 1995).

Husband argues that the trial court erred in that it divided the marital property and debts unequally in Wife's favor. He contends that this unequal division violates the general principle that "the division of marital property should be substantially equal unless one or more statutory or non-statutory factors cause such a division to be unjust." *Hatchette*, 57 S.W.3d at 889. Husband further argues that the unequal division was contrary to the court's statement in its judgment that the division of property was equal.

This court has reviewed the allocation of the marital property and finds, contrary to Husband's assertion, that it was, in fact, relatively equal. The difference in the value of the property awarded to each property is nominal. Moreover, Husband does not contend that any marital property was erroneously awarded to Wife, nor does he contest the values of the marital property awarded to him.

**2.** As a basis for affirming the maintenance award, Wife argues on appeal that the she "had a cancerous tumor removed from her face while this cause was pending and lives subject to a recurrence." While Wife testified that she had undergone cancer surgery recently, she offered no evidence that her present physical condition prevented her from working or in any way currently affected her ability to earn income.

■ Rather, Husband's complaint appears to be with the division of the marital debt. In dividing marital debt, the trial court is vested with broad discretion in determining how and in what manner the debt should be divided, and this court will not disturb its division absent a clear showing of an abuse of that discretion. *Wright,* 1 S.W.3d at 52. Exclusive of the mortgage on the marital residence, the court ordered Husband to pay approximately $31,387 of the marital debt, and ordered Wife to pay approximately $18,603 of the marital debt. The difference between these amounts is $12,784.

Husband argues that Wife committed acts of financial misconduct and had questionable relationships with other men that warranted at least an equal division of debt, if not an unequal division weighted in his favor. Husband is correct that the parties' conduct during the marriage is one of the factors for the court to consider in dividing marital property and debt. Section 452.330.1(4). While there was evidence of acts of misconduct on the part of both Husband and Wife, the trial court did not make findings of fact regarding either party's alleged misconduct. Neither party requested that the trial court make findings of fact on any of the controverted fact issues. In such a case, "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(c). Thus, either the trial court did not find the evidence of Wife's misconduct credible, or the trial court did not find that Wife's misconduct warranted her paying a greater share of the marital debt.

Looking at other factors in section 452.330.1 that the court is to consider in dividing marital debt, there was a significant difference between the economic circumstances of the parties. Husband's annual income was $77,000, while Wife's annual income was only $12,000. Moreover, there was no indication that Wife's employment prospects would markedly improve. Wife had not worked outside of the home for nine years. During that time, Wife cared for the parties' two children, which enabled Husband to finish his college education and obtain employment. When Wife did begin working outside of the home, she was only able to obtain a minimum wage job.

The court essentially ordered the parties to each pay half of the credit card debt, half of the children's medical bills, all of the debt on the vehicles awarded to them, and all of their own medical bills. Wife was ordered to pay all of the $544 debt on credit cards she had obtained without Husband's knowledge. The only significant marital debt that Husband was ordered to pay in its entirety was $13,000 in student loans that he had incurred during the marriage. Under the circumstances of this case, this court does not find that the trial court's allocation of debt was unfair or inequitable. Accordingly, the portion of the judgment dividing marital debt is affirmed.

Because the maintenance award was not supported by sufficient evidence, it is reversed. The judgment is affirmed in all other respects.

All concur.